U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

AUG 28 2013

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

THOMAS JONES

versus

CLECO CORPORATION

CIVIL ACTION NO. 11-1703
JUDGE TOM STAGG

---

## MEMORANDUM ORDER

Before the court is a motion filed by the plaintiff, Thomas Jones ("Jones"), to review the clerk of court's award of costs to the defendant, Cleco Corporation ("Cleco"). See Record Document 148. For the reasons set forth below, Jones's motion is **GRANTED**.

## I. BACKGROUND

Jones filed suit against Cleco, alleging, inter alia, race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964. See Record Documents 1, 5 and 25. On September 22, 2011, this court granted in part and denied in part Cleco's first motion for summary judgment. See Record Documents 107 and 108. On February 21, 2013, this court granted Cleco's second motion for summary

judgment and dismissed all of Jones's claims against Cleco with prejudice.[1] See Record Documents 142 and 143. Subsequently, Cleco filed a Bill of Costs and a memorandum in support seeking reimbursement of out-of-pocket expenses it incurred in preparation of its motions for summary judgment pursuant to 28 U.S.C. § 1920. See Record Document 145. Specifically, Cleco sought to recover $1,509.67 in costs it incurred for the deposition transcripts of Jones and Patrick Dupuy. See id. On April 24, 2013, the clerk of court taxed $1,509.67 against Jones in accordance with Cleco's Bill of Costs. See Record Document 147. Jones subsequently filed the instant motion requesting this court to review the clerk's taxation of costs. See Record Document 148. Cleco opposed Jones's motion. See Record Document 150.

## II. ANALYSIS

Federal Rule of Civil Procedure 54(d) provides, in relevant part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Cleco is the prevailing party in this case because the court ultimately granted its motion for summary judgment and dismissed Jones's claims against Cleco with prejudice.

Pursuant to 28 U.S.C. § 1920, a court may tax as costs "[f]ees for printed or

---

[1] The Fifth Circuit recently affirmed this court's judgment granting Cleco's motion for summary judgment. See Jones v. Cleco,-- F. App'x --, No. 13-30243 (5th Cir. Aug. 28, 2013).

electronically recorded transcripts necessarily obtained for use in court" and "[f]ees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. §§ 1920(2) and (4). The costs of original deposition transcripts and copies are taxable under the statute. See Gaddis v. United States, 381 F.3d 444 (5th Cir. 2004).

However, district courts have discretion in determining whether to award costs in favor of the prevailing party. See Energy Mgmt. Corp. v. City of Shreveport, 467 F.3d 471, 483 (5th Cir. 2006). The Fifth Circuit has identified the following circumstances which, if present, may justify denial of costs to the prevailing party: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred on the public; (5) the prevailing party's enormous financial resources. See Pacheco v. Mineta, 448 F.3d 783, 793 (5th Cir. 2006)(internal citations omitted). An additional factor to consider is whether "the losing party prosecuted the action in good faith," but good faith cannot be the sole reason for denying costs to the prevailing party. Id. at 793-95.

Applying the Pacheco factors, the court finds that these deposition costs should not be awarded to Cleco. First, this case presented close and difficult legal issues, as evidenced by the fact that Cleco did not achieve the dismissal of all of Jones's claims

with its first motion for summary judgment. See Record Documents 107 and 108. Second, Cleco, a public company with annual profits in excess of $100 million, has enormous financial resources.[2] Finally, this court believes that Jones's claims were brought in good faith. Accordingly, given the presence of several of the Pacheco factors, the court declines to award costs to Cleco.

### III. CONCLUSION

For the above stated reasons, Jones's motion to review the clerk's taxation of costs is **GRANTED**. The costs sought by Cleco are not taxed against Jones.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 28th day of August, 2013.

_____
JUDGE TOM STAGG

---

[2] Pursuant to Federal Rule of Evidence 201, this court takes judicial notice of Cleco's revenue and profit figures as contained in its annual report. See CLECO, 2012 Annual Report and Form 10-K, available at: http://investors.cleco.com/phoenix.zhtml?c=82212&p=irol-reportsAnnual.